UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES G. WILLIAMS III<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUAL JUSTICES OF THE SUPREME JUDICIAL COURT OF THE STATE OF MAINE, et al.<br><br>Defendants. | CIVIL ACTION NO.: 04-cv-95 (District of Maine)<br><br>04MBD 10206 |

## OPPOSITION OF JAMES HENDERSON, JAMES CHUTE AND J. SCOTT DAVIS TO PLAINTIFF'S "MOTION TO COMPEL DISCLOSURE AND/OR MOTION FOR SANCTIONS FOR NON-COMPLIANCE WITH THIS COURT'S SUBPOENAS DUCES TECUM"

James S. Henderson, James C. Chute, Esq., and J. Scott Davis, Esq. (collectively, the "Respondents") hereby oppose Charles G. Williams III's "Motion to Compel Disclosure and/or Motion for Sanctions for Non-Compliance With This Court's Subpoena Duces Tecum." Despite Mr. Williams' claim to the contrary, Respondents did serve timely objections to the subpoenas. And, Respondents should not be required to respond to the subpoenas because 1) the lawsuit in which the subpoenas were issued has been dismissed; 2) it would be unduly burdensome to respond to the subpoenas; 3) the subpoenas do not provide reasonable time for compliance; 4) the subpoenas seek irrelevant information; and 5) the subpoenas were not validly served on Respondents. In further support, Respondents rely upon the following Memorandum of Law:

## MEMORANDUM OF LAW

### *Procedural Background*

The above-referenced lawsuit was filed in the United States District Court for the District of Maine against all seven Justices of the Maine Supreme Judicial Court ("SJC"), Maine Attorney General G. Steven Rowe, the Office of the Attorney General, and the Maine Board of Overseers of the Bar. In the lawsuit, Charles G. Williams III attempts to challenge an order of a Single Justice of the SJC suspending Mr. Williams from the practice of law. The lawsuit is one of numerous federal court actions Mr. Williams has filed in the District of Maine (*see* Civil Action Nos. 02-204; 04-95), the District of Massachusetts (*see* Civil Action No. 02-11403), and in the United States Court of Appeals for the First Circuit (*see* Appeal Nos. 02-2402; 03-1161; 03-1269; 03-2136; 04-1850) in an effort to collaterally challenge state court bar disciplinary proceedings. Essentially, Mr. Williams, who is African-American, alleges the disciplinary proceedings against him have been racially motivated.

Mr. Williams filed this latest lawsuit (04-95) in the District of Maine on May 10, 2004. Just two days later, Magistrate Judge Margaret J. Kravchuk issued sua sponte a decision recommending dismissal of the lawsuit. On June 25, 2004, Judge Gene Carter affirmed the recommended decision on a different ground and dismissed the lawsuit. Judge Carter held that, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, the court was required to abstain from adjudicating the matter. On that same day, a judgment of dismissal was entered.[1] On July 6, 2004, Mr. Williams filed both a motion for reconsideration and a notice of appeal. It is not clear whether the District Court will rule on the motion for reconsideration or will find that the notice of appeal has deprived it of jurisdiction to rule on the motion.

---

[1] Mr. Williams has never served any of the defendants in this case, and no defendant has yet appeared in this case.

2

On June 23, 2004, Mr. Williams mailed subpoenas duces tecum to James S. Henderson (the State Archivist), James C. Chute, Esq. (the Clerk of the Supreme Judicial Court), and J. Scott Davis, Esq. (Bar Counsel for the Board of Overseers of the Bar). The subpoenas were signed by a Deputy Clerk of this Court. Essentially, the subpoenas sought records relating to all attorneys who have been disciplined by the SJC. In Mr. Henderson's case, Mr. Williams sought records covering the last seventy years. Apparently, Mr. Williams believes that these records will show that the SJC disciplines attorneys differently depending upon their race. The subpoenas provided different deadlines for responding, but the earliest deadline was July 2, 2004, and the subpoenas called for the documents to be produced in Norwood, Massachusetts.

On July 1, 2004, the undersigned counsel mailed a letter to Mr. Williams stating that, pursuant to Fed. R. Civ. P. 45(c)(2)(B), the Respondents objected to the subpoenas that had been mailed to them. Respondents objected to the subpoenas on the following grounds:

1. The lawsuit in which the subpoenas were issued has been dismissed;
2. The subpoenas were not properly served;
3. The subpoenas do not allow reasonable time for compliance;
4. The subpoenas seek documents which are not relevant and which are not reasonably calculated to lead to the discovery of admissible evidence; and,
5. It would be unduly burdensome to respond to the subpoenas.

Now, Mr. Williams moves to compel production of the documents sought in the subpoenas, and for sanctions against the Respondents. For the following reasons, Mr. Williams' motion should be denied.

## *Argument*

First, Mr. Williams is wrong in claiming that the Respondents did not timely respond to the subpoenas. Under the federal rules,

3

> a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials . . . .

Fed. R. Civ. P. 45(c)(2)(B). Once such an objection is made, a respondent need do nothing further unless a court orders otherwise. *Id.*

The Respondents timely complied with Rule 45(c)(2)(B). The subpoenas called for production by (at the earliest) July 2, 2004, and Respondents served their objections on July 1, 2004. *See* Fed. R. Civ. P. 5(b)(2)(B)("Service by mail is complete on mailing.").

Second, the lawsuit in which the subpoenas were issued has been dismissed. There is, then, no basis for these subpoenas. Even if it is theoretically possible to enforce subpoenas in a case that is now on appeal, there is, in <u>this</u> case, presently no reason for any discovery. Unless the District Court grants Mr. Williams' motion for reconsideration, or the First Circuit vacates the judgment of dismissal, any discovery would be a waste of time.

Third, in light of the fact that Mr. Williams currently has no need for any documents, it would be unduly burdensome to require Respondents to produce the requested documents.

Fourth, the subpoenas did not provide a reasonable time for compliance. The subpoenas sought up to seventy years worth of records, and provided only one to two weeks to respond. In light of the fact that there is no current need for the documents, this is not reasonable.

Fifth, the subpoenas sought documents which are not relevant and which are not reasonably calculated to lead to the discovery of admissible evidence. At this point, the only issue is whether the District Court properly dismissed the lawsuit. Any evidence of supposed racial bias is completely irrelevant to this issue. Further, in the event that one of Mr. Williams' lawsuits survives a motion to dismiss (so far, none has), the respondents suggest that the proper

4

course would be to allow the court in which the lawsuit is pending to determine the extent to which Mr. Williams should be permitted to conduct discovery into alleged racial bias. Mr. Williams' allegation of bias is utterly baseless, and it is unlikely that a court would permit Mr. Williams to conduct any discovery into this issue, much less the kind of discovery Mr. Williams is now seeking.

Sixth, the subpoenas were not properly served. The rule in this Court, as in many other courts, is that service of a subpoena is effective only if it is personally delivered to the respondent. *Greenberg v. United States*, No. 89-2930-MC, 1990 U.S. Dist. LEXIS 12091 (D. Mass. Sept. 7, 1990); *see also* 9A Wright and Miller, *Federal Practice and Procedure* § 2454, at 24 (1995) ("Personal service of subpoenas is required."); *F.T.C. v. Compagnie de Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980)("Federal Rule 45(c), governing subpoena service, does not permit any form of mail service . . . ."); *Terre Haute Warehousing Serv. v. Grinnell Fire Protection Sys. Co.*, 193 F.R.D. 561, 563 (D. Ind. 1999) ("Subpoenae must be personally served; certified mail service is insufficient."); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995) ("However, service of a subpoena may not be accomplished by mail."). Mr. Williams sent his subpoenas by registered mail and did not personally serve the Respondents.

## CONCLUSION

For the reasons set forth above, James S. Henderson, James C. Chute, Esq., and J. Scott Davis, Esq. respectfully request that Mr. Williams' motion be denied, and that they not be required to respond to Mr. Williams' subpoenas.

DATED: July 19, 2004

Respectfully submitted,

G. STEVEN ROWE
Attorney General

_____
CHRISTOPHER C. TAUB
Assistant Attorney General
Six State House Station
Augusta, Maine 04333-0006
Tel. (207) 626-8800
Fax (207) 287-3145
Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 19th day of July, 2004, a true copy of the above document was served upon the plaintiff by sending a copy via First Class mail, postage prepaid, to Charles G. Williams III, 112 Plymouth Drive, 1B, Norwood, MA, 02062 and to Mr. Williams at 115 John Dunn Drive, 1A, Rockland, MA, 02370.

_____
Christopher C. Taub

6